IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA

VS.                              NO. 4:06CR00205

TAREKE LEWIS and
ANTHONY LAMONT RANDLE

**ORDER**

The defendants, Tareke Lewis and Anthony Lamont Randle, were charged in Count One of the indictment with aiding and abetting one another in the possession of 50 grams or more of cocaine base, that is, crack cocaine, with the intent to distribute a violation of 18 U.S.C. §2 and 21 U.S.C. §841(a) and in Count Two of the indictment the defendants were charged with conspiracy to possess 50 grams or more of crack cocaine with the intent to distribute in violation of 21 U.S.C. §§841(a)(1) and 846.  A jury trial began before United States District Judge James M. Moody on October 21, 2008.  Following the completion of the government's case and again at the close of all evidence, the Defendants orally moved for a judgment of acquittal on the conspiracy count based upon the government's failure to produce sufficient evidence to sustain a conviction.  The Court took the motions under advisement and proceeded to instruct the jury on both counts.  On October 23, 2008 the jury returned guilty verdicts as to both defendants on all counts.  The Defendants renewed their motion for judgment of acquittal on Count Two following the verdicts.

Having considered the evidence in the light most favorable to the government, the Court finds that insufficient evidence was presented to sustain a verdict as to Count Two.  The essential

elements of the crime of conspiracy as charged in Count Two of the indictment required proof that:

*One*, on or about August 3, 2005, two or more persons reached an agreement or came to an understanding to distribute cocaine base, that is, crack cocaine;

*Two*, the defendant voluntarily and intentionally joined in the agreement or understanding, either at the time it was first reached or at some later time while it was still in effect;

*Three*, at the time the defendant joined in the agreement or understanding, he knew the purpose of the agreement or understanding; and

*Four*, the agreement or understanding involved 50 grams or more of cocaine base, that is, crack cocaine.

The government produced no evidence to suggest that the defendants reached an agreement or came to an understanding to distribute cocaine base. The only evidence presented which linked the two defendants was that Mr. Lewis was driving a car which was owned by Mr. Randle and letters addressed to Mr. Randle and an identification card of Mr. Lewis were found in the home where the drugs were also located. The Court finds that there is no interpretation of the evidence which would allow a reasonable jury to find the defendants guilty beyond a reasonable doubt. *United States v. Cacioppo*, 460 F. 3d 1012 (8th Cir. 2006). Accordingly, the Court will set aside the jury verdict on Count Two and enter an acquittal.

IT IS SO ORDERED this 23rd day of October, 2008.

James M. Moody
United States District Judge